**DIVISION OF EMPLOYMENT SECURITY, Appellant,**

v.

**Jennifer SIMMONS, Respondent.**

**No. WD 61995.**

Missouri Court of Appeals, Western District.

May 6, 2003.

Marilyn G. Green, Jefferson City, for Appellant.

John W. Kurtz, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

The Division of Employment Security appeals from the Labor and Industrial Relations Commission's determination that Jennifer Simmons was overpaid unemployment benefits in the amount of $3461. The division contends that, because Simmons did not have nine consecutive weeks of payable benefits, she should not have been paid for her "waiting week" as directed by § 288.040.1(4), RSMo 2000. Because the commission apparently declined to consider the issue of a waiting week and did not make any findings of fact and conclusions of law regarding the issue, we remand to the commission for further proceedings with instructions that it address the issue.

On June 4, 2002, the division's deputy notified Simmons that she had been overpaid $4711 in unemployment insurance benefits for the weeks of November 3, 2001, to May 11, 2002. The deputy determined that Simmons was ineligible for benefits during this period. Simmons appealed the deputy's determination to the appeals tribunal, which held a hearing on July 18, 2002.

At the hearing, the appeals tribunal noted, "[W]e're on the record in Appeal Numbers 02–14003, 02–14005, 02–14007, 02–14008 which are concerned with a claim for benefits under the Missouri Employment Security Law by Jennifer Simmons." It then went on to explain the cases that were on appeal:

> Division records indicate that the claimant filed an initial claim for benefits effective 10–21–01 and thereafter claimed benefits for certain weeks. A deputy determined under the Missouri Employment Security Law in Appeal Number 02–14003 that the claimant was ineligible for benefits beginning 10–21–01 on a finding that she was not available for work. A deputy determined by

means of a—well, let me just state that the issue there will be whether the claimant was able to work, physically able to work, available for work and made an active and earnest search for work.... The next appeal is Appeal Number 02–14005. A deputy determined under the Missouri Employment Security Law on 5–23–02 that the claimant was ineligible for benefits for the week ending 5–18–02 because she was *not available for work.* The claimant filed a timely appeal from that determination as well as the other one and the issue there is whether she was available for work and made an active and earnest search for work.... And the third appeal is 02–14007. A deputy determined under the Missouri Employment Security Law on 5–31–02 that the claimant was ineligible for benefits beginning 5–12–01 on a finding that she did not file her claim for benefits for that week in accordance with the Law and the Division's Regulations in not reporting for work as—or for repor—for not reporting to the Division as required.... The fourth appeal is 02–14008 in which a deputy determined on 6–4–02 that the claimant was overpaid $4711 in benefits [1] becau— during the period involved the claimant filed an appeal from that determination on 6–23–02.

On August 2, 2002, the appeals tribunal found, in regard to Appeal No. 02–14008, that *Simmons was not overpaid benefits* for the weeks from October 28 through December 1, 2001, but that she was overpaid benefits in the amount of $3461 for the weeks from December 2, 2001, through May 11, 2002.

The division filed an application for review of the appeals tribunal's decision in Appeal No. 02–14008 with the commission. The division asserted that the appeals tribunal erred in determining the amount of the overpayment because it failed to include the benefits paid to Simmons for her waiting week in its calculation. The division claimed that, because Simmons was eligible for benefits only from October 28 through December 1, 2001, for a total of five weeks, she had not obtained nine consecutive weeks to be eligible for payment of her waiting week. The commission, however, affirmed the decision of the appeals tribunal and adopted the appeals tribunal's decision as its own without addressing the waiting week issue.

■ The division appeals, asserting that, because Simmons did not have nine consecutive weeks of payable benefits, she should not have been paid for her "waiting week" as directed by § 288.040.1(4), RSMo 2000. That section says:

1. A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that:

. . . .

(4) Prior to the first week of a period of total or partial unemployment for which the claimant claims benefits he has been totally or partially unemployed for a waiting period of one week. No more than one waiting week will be required in any benefit year. The one-week waiting period shall become compensable after unemployment during which benefits are payable for nine consecutive weeks. No week shall be counted as a week of total or partial unemployment for the purposes of this subsection unless it occurs within the

---

**1.** The division included in the record on appeal the deputy's determination in regard to this claim. The deputy determined that Sim- mons had been overpaid benefits from November 3, 2001, to May 11, 2002.

benefit year which includes the week with respect to which the claimant claims benefits[.]

"Waiting week" is "the first week of unemployment for which a claim is allowed in a benefit year[.]" Section 288.030.1(27), RSMo 2000. The division claims that Simmons' waiting week was the week of October 28 through November 3, 2001.

In reviewing this decision, we cannot be sure when Simmons' waiting week occurred because the commission did not make any findings of fact or conclusions of law regarding Simmons' waiting week. At the hearing, the appeals tribunal referred to Appeal No. 02–14003 in which Simmons claimed that she was entitled to benefits for the week of October 21 through October 27, 2001. The record before us, however, contains no findings or conclusions from the appeals tribunal or the commission concerning this claim.[2] If the appeals tribunal determined that Simmons was eligible for benefits for this week,[3] the commission could have determined that this was Simmons' waiting week for which she would not receive payment. If, however, the appeals tribunal concluded that Simmons was ineligible for benefits for that week and determined that the first week she was entitled to benefits was October 28 through November 3, 2001, the division would be correct that this would be her waiting week.[4] Pursuant to § 288.040.1(4), she would not be entitled to payment for this week because she would not have had nine consecutive weeks of payable benefits, and the commission would have erred by not including this payment in its calculation of the overpayment.

■ Simmons argues that, because the division did not assert that she should not receive payment for her waiting week before the appeals tribunal, the issue has not been preserved for appeal. We disagree. The division asserted in all the proceedings that Simmons was ineligible for benefits and that she had been overpaid benefits. The deputy, appeals tribunal, and commission had an obligation to apply all laws that pertain to the issue to determine whether or not Simmons had been overpaid, including whether or not she had been overpaid for her waiting week.

Because the commission did not make findings regarding Simmons' waiting week, we remand this case to the commission for further proceedings.[5]

2. In its findings in Appeal No. 02–14008, the appeals tribunal said, "It was found by Decision of Appeals Tribunal in Appeal No. 02–14003 that the claimant was not ineligible for benefits for the weeks from October 28, 2001[,] through December 1, 2001 .... It was found by Decision of Appeals Tribunal in Appeal No. 02–14003 that the claimant was ineligible for benefits for the weeks from December 2, 2001[,] through May 11, 2002." The appeals tribunal, however, did not make any findings regarding the week of October 21 through October 27, 2001.

3. Neither Simmons nor the division appear to have appealed the deputy's determination in Appeal No. 02–14003. Unless a party appeals the decision to the commission, the appeals tribunal's decision is final 30 days after the

date of notification or mailing of such decision. Section 288.190.3, RSMo 2000.

4. Section 288.040.1(4) also says, "No more than one waiting week will be required in any benefit year." So, if Simmons had a waiting week at some other time in the benefit year, she also would be entitled to payment for the weeks of October 28 through December 1, 2001.

5. Simmons asserts that, because the record on appeal is inadequate to determine her waiting week, we should affirm the commission's decision because the division had the duty to provide a record to allow a meaningful review. The division did, however, provide an adequate record. The commission's failure to make findings of fact is what thwarts our ability to review the matter.

**914**

VICTOR HOWARD, Presiding Judge, and PATRICIA BRECKENRIDGE, Judge, concur.