**Thomas SCHULTZ, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 90340.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 8, 2008.

John J. Ammann, St. Louis University Legal Clinic, St. Louis, MO, for appellant.

Matthew R. Heeren, Division of Employment Security, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Thomas Schultz ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") denying his claim for trade readjustment allowance benefits ("TRA Benefits"). Claimant contends the Commission erred in denying benefits to him from the date he exhausted his unemployment benefits for two reasons: (1) because Claimant's petition for certification and application for benefits should be considered constructively filed the date he first attempted to petition for certification and apply for benefits; and (2) because he was thwarted in his efforts to petition for certification and apply for benefits by state officials, the doctrine of equitable estoppel should prevent the Division of Employment Security ("the Division") from denying him benefits. We affirm.

Claimant had been an employee of CPC Logistics, Inc. until he was laid off as "as result of the shut-down of the operation of [their] client SPD–1 LOGISTICS INC. at Hazelwood, MO brought about by the closure of the FORD plant itself" on March 31, 2006. Claimant initially received unemployment benefits, but these benefits were exhausted around February 10, 2007.

While receiving these unemployment benefits, Claimant repeatedly inquired about TRA Benefits, but was told each time by, among others, Gordon Douglas ("Douglas"), a counselor at the Missouri Career Center, which is part of the Division of Workforce Development ("DWD"), that he did not qualify for TRA Benefits. Further, Claimant testified Douglas failed to inform him that he could get a few co-workers and file a petition for certification; instead, Douglas incorrectly informed Claimant the company or the union had to apply for them. A petition for certification for TRA Benefits was finally filed on March 5, 2007, and Claimant began receiving TRA Benefits on May 12, 2007.

This case involves Claimant's claim that he is entitled to TRA Benefits from February 17, 2007 to May 5, 2007 because he would have been eligible for TRA Benefits during this time period but for the misinformation he received from the Division and the DWD.

To assist workers who lost their jobs because of import competition, the Trade Act of 1974 established a program of TRA Benefits as a supplement to state unemployment benefits. *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Brock*, 477 U.S. 274, 277, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986). The Act and its implementing regulations are to be liberally construed so as to carry out the purpose of the Act. 20 C.F.R. Section 617.52(a). The Act's purpose is to assist workers who have been adversely affected by import competition in returning to suitable employment. *Nelson v. Commissioner of Employment and Economic Development*, 698 N.W.2d 443, 447 (Minn.App. 2005). TRA Benefits are weekly allowances, in an amount equal to the weekly unemployment insurance benefit, paid to eligible workers enrolled in training programs approved by the Secretary of Labor ("the Secretary"). *Employment Department v. Furseth*, 140 Or.App. 464, 915 P.2d 1043, 1044 (1996). The funds used to pay TRA Benefits are provided exclusively by the federal government, but payments are made by the state, which acts "as agent of the United States" and is then reimbursed by the federal government. 19 U.S.C. Section 2313; *Furseth*, 915 P.2d at 1044.

According to the program set up by the Trade Act of 1974:

a group of workers, their union, or some other authorized representative may petition the Secretary of Labor to certify that their firm has been adversely affected by imports. If the Secretary issues a certificate of eligibility for such a group, workers within that group who meet certain standards of individual eligibility may then apply for and receive TRA benefits.

*Brock,* 477 U.S. at 277, 106 S.Ct. 2523; *see also* 19 U.S.C. Section 2271(a). The Secretary will certify workers as eligible if they were laid off due to increased imports. 19 U.S.C. Section 2272. Once a group of workers has been certified by the Secretary, the Secretary allows state agencies administering state unemployment insurance programs to determine whether individuals are eligible for TRA Benefits. 19 U.S.C. Section 2311. Thus, two things must happen before one receives TRA Benefits: (1) a petition for certification must be filed, and (2) once they are certified, individuals must apply for benefits with the state agency administering the TRA Benefits. 19 U.S.C. Section 2271(a) and 2291(a).

"Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subchapter A who files an application for such allowance for any week of unemployment which begins more than 60 days after the date on which the petition that resulted in such certification was filed...." 19 U.S.C. Section 2291(a). Further, 20 C.F.R. Section 617.11(b) provides:

The first week any individual may be entitled to a payment of basic TRA shall be the later of: (1) The first week beginning more than 60 days after the date of the filing of the petition which resulted in certification under which the individu-al is covered; or (2) The first week beginning after the individual's exhaustion of all rights to UI including waiting period credit.

The Trade Act of 1974 provides "[t]he Secretary shall provide full information to workers about the benefit allowances, training, and other employment services available under this chapter and about the petition and application procedures, and the appropriate filing dates, for such allowances, training and services." 19 U.S.C. Section 2275. Further, cooperating state agencies are required to "advise each worker who applies for unemployment insurance of the benefits under this chapter and the procedures and deadlines for applying for such benefits" and to "facilitate the early filing of petitions [for certification]." 19 U.S.C. Section 2311(f)(1–2).

Moreover, federal regulations require that state agencies provide "full information to workers about benefit allowances, training, and other employment services ... and about the petition and application procedures, and the appropriate filing dates, for such allowances, training and services" and state agencies shall also provide "whatever assistance is necessary to enable groups of workers, including unorganized workers, to prepare petitions or applications for program benefits." 20 C.F.R. Section 617.4.

The present case began when Claimant filed a claim for TRA Benefits from February 17, 2007 to May 5, 2007, the period after his unemployment benefits ended, but before he was eligible for TRA Benefits under the March 5, 2007 petition for certification. A deputy determined Claimant was not entitled to TRA Benefits because such benefits could not be paid until the later of the first week beginning more the sixty days after the filing of the petition which resulted in the certification under which Claimant is covered, or the first

week beginning after Claimant's exhaustion of all rights to unemployment insurance benefits.

After the deputy denied his claim, Claimant appealed to the appeals tribunal at the Division arguing he would have been eligible for TRA Benefits from February 17, 2007 to May 5, 2007 if it were not for the incorrect information provided to him by the DWD. The Division found Claimant exhausted his benefits under the unemployment insurance program on February 10, 2007, including waiting credit. On March 5, 2007, a petition for certification was filed on behalf of Claimant. Of the petition for certification date and the unemployment insurance exhaustion dates, the petition for certification date was the later date. The first week beginning more than sixty days after this date began on May 6, 2007. Because Claimant was not entitled to TRA Benefits until the first week beginning more than sixty days after March 5, 2007 according to 20 C.F.R. § 617.11(b)(1), the appeals tribunal concluded Claimant was not entitled to payment of TRA Benefits on and prior to the week ending May 5, 2007. The appeals tribunal further found Claimant was entitled to TRA Benefits beginning with the week ending May 12, 2007, the first week beginning more than sixty days after the date of the filing of the petition for certification for Claimant's TRA Benefits. Thus, the appeals tribunal affirmed the decision of the deputy.

Claimant then filed an application for review with the Commission. The Commission also found Claimant was entitled to TRA Benefits the first week beginning more than sixty days after March 5, 2007 according to 19 U.S.C., Section 2291(a) and 20 C.F.R. § 617.11(b)(1). Thus, the Commission concluded Claimant was not entitled to payment of TRA Benefits on and prior to the week ending May 5, 2007. The Commission did note

> the Division and [DWD] representatives failed in their obligation under the federal statute to "advise" [C]laimant of the qualifying requirements and entitlements to TRA at the time he filed his initial claim for unemployment. [ ] Nonetheless, we have been unable to locate any law that takes into effect the fault of the applicable state agencies. While 20 C.F.R. § 617.10(b) sometimes allows the application to the Division for TRA to be in effect backdated, that backdating is still subject to the first-entitlement provisions set forth above.[1]

Accordingly, the Commission affirmed the decision of the appeals tribunal. This appeal follows.

When considering an appeal from a judgment of the Commission, "[t]he findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210 RSMo (2000).[2] We may modify, reverse, remand

1. 20 C.F.R. Section 617.10(a) provides "no payment of [TRA Benefits] may be made by a State agency until a certification is made...." Further, "applications for [TRA Benefits] for weeks of unemployment beginning before [one's] initial application for [TRA Benefits] is filed may be filed within a reasonable period of time after publication of the determination *certifying* the appropriate group of workers...." (emphasis added).

Thus, an individual's application for TRA Benefits can, under appropriate circumstances, be backdated to the date of the certification, but there is no provision for backdating the petition for certification as Claimant attempts to do in this case.

2. All further references are to RSMo 2000 unless otherwise indicated.

for rehearing, or set aside a decision of the Commission on the following grounds and no other: "(1) that the Commission acted without or in excess of its powers; (2) that the Commission's decision was procured by fraud; (3) that the facts found by the Commission do not support the award; or (4) that there was no sufficient competent evidence in the record to warrant the making of the award." *Id.*

▬▬ As a result, our review in unemployment compensation cases is limited to deciding whether the Commission's decision is supported by competent substantial evidence and authorized by law. *Cotton v. Flik Intern. Corp.*, 213 S.W.3d 189, 192 (Mo.App. E.D.2007). We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commission's findings. *Id.* We defer to the Commission's determination of witness credibility. *Id.* We defer to the Commission on issues of fact, but review questions of law *de novo. Id.*

In Claimant's first point, he argues the Commission erred in denying him benefits from the date he exhausted his unemployment benefits because his petition for certification and application for benefits should be considered filed on the date he first attempted to petition for certification and apply for benefits under the doctrine of constructive application. Claimant maintains he was thwarted in his efforts to petition for certification and apply for benefits by state officials because he would have filed a petition for certification and an application for benefits earlier but for the misinformation provided by state officials. We disagree.

Claimant contends he was entitled to TRA Benefits from February 12, 2007 through May 5, 2007 because the misinformation of the Division and the DWD caused him to delay in filing his petition for certification.[3] Claimant contends Douglas repeatedly told him he did not qualify for TRA Benefits, without providing further information on how he could become eligible. Further, Douglas had the responsibility to correctly tell Claimant what he needed to do to become eligible. Claimant testified Douglas incorrectly told Claimant only the company or the union could file a petition for certification for them and failed to inform him it was possible for a group of workers to file a petition for certification on their own.

Ultimately, the petition for certification was not filed until March 5, 2007. The first week beginning more than 60 days after March 5, 2007 was the week of May 6, 2007. Thus, Claimant began receiving TRA Benefits at the end of the week of May 6, 2007.

▬▬ While Claimant argues his petition for certification and application for benefits should be considered constructively filed on the date he first attempted to petition for certification and apply for benefits, there is no provision under the federal statutes and regulations that grants a good cause exception to the specified procedures and timelines for filing a petition for certification. The Commission noted that the state agencies "failed in their obligation under the federal statute to 'ad-

---

**3.** The Division argues it is inaccurate to accuse the Division of misfeasance because Claimant was allegedly misinformed by Douglas, an employee of the Missouri Career Center, which is part of the DWD. However, the Commission found Claimant made inquiries to the Division about TRA Benefits, and the Division referred him to DWD personnel.

Thus, the misinformation given to Claimant was the result of the Division referring him to the DWD. This finding is supported by the Commission's finding that "both the Division and DWD representatives failed in their obligation ... to advise [C]laimant of the qualifying requirements and entitlements to TRA [Benefits]."

vise' [C]laimant of the qualifying requirements and entitlements to TRA at the time he filed his initial claim for unemployment." Nonetheless, the Commission was unable to locate any law that took into account the fault of the applicable state agencies. We similarly can find no such provision. Claimant does not rely on any cases dealing with TRA Benefits to argue this point. Further, our research has not revealed any applicable Missouri cases. We are not persuaded by Claimant's attempts to analogize this case to discrimination cases where it has been held it would have been futile for a potential employee to have applied for a particular job before bringing a suit based on discrimination.[4]

Therefore, the Commission did not err in denying Claimant benefits from the date he exhausted his unemployment benefits because there is no legal remedy provided by the statutory and regulatory provisions concerning TRA Benefits for the conduct at issue here. Point denied.

In Claimant's second point, he argues the Commission erred in denying him TRA Benefits from the date he exhausted his unemployment benefits because the doctrine of equitable estoppel prevents the Division from denying eligibility in that it repeatedly provided incorrect information to Claimant and thwarted him from petitioning for certification and applying for TRA benefits and the Division's actions constitute affirmative misconduct. We disagree.

The Code of Federal Regulations sets out the time limits pertaining to an individual's eligibility following a petition for certification. It provides:

> The first week any individual may be entitled to a payment of basic TRA shall be the later of:

> (1) The first week beginning more than 60 days after the date of the filing of the petition which resulted in the certification under which the individual is covered; or

> (2) The first week beginning after the individual's exhaustion of all rights to [unemployment insurance] including waiting period credit, as determined under [Section] 617.11(a)(2).

20 C.F.R. Section 617.11(b). Thus, in this case, under subpart (1), Claimant became eligible for TRA Benefits on May 5, 2007. However, he argues but for the misinformation given to him by the Division and DWD, he would have filed his petition for certification and his application for benefits earlier so that subpart (2) would have been controlling and he would have been eligible for TRA Benefits beginning February 10, 2007 when his unemployment insurance was exhausted. In effect, Claimant wants this court to backdate his petition for certification so that subpart (2) controls when he becomes eligible for TRA Benefits. Thus, Claimant's argument for equitable estoppel is essentially an argument that he should not be held to the timelines set out in 20 C.F.R. Section 617.11(b).

However, 20 C.F.R. Section 617.50(d) provides: "no provision of State law or regulations on good cause for waiver of any time limit ... shall apply to any time limitation referred to or specified in this part 617, unless such State law or regulation is made applicable by a specific provision of this part 617." We can find no provision of Section 617 that provides an exception allowing the backdating of a petition for certification. Further, we did not find any Missouri cases dealing with

---

4. The discrimination cases Claimant cites include *International Brotherhood of Teamsters v. U.S.*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), *Winbush v. State of Iowa* by *Glenwood Hospital*, 66 F.3d 1471 (8th Cir. 1995), and *Kamberos v. GTE Automatic Electric, Inc.*, 603 F.2d 598 (7th Cir.1979).

this issue. According to C.F.R. Section 617.50(d), the federal regulations prohibit state law exceptions to the time limits in those regulations. *See also Reed v. State of Nebraska Department of Labor*, 272 Neb. 8, 717 N.W.2d 899, 906 (2006) (holding equitable estoppel could not be applied because the 2002 Trade Act and 20 C.F.R. 617.50(d) prohibit state action) *and Lowe v. Unemployment Compensation Board of Review*, 877 A.2d 494, 498 (Pa.Cmwlth.2005)(holding even though the claimant may have been confused or even negligently misled, such circumstances may not be relied upon to extend the specified time limits in the Trade Act.)

■ Therefore, because Section 617.50(d) of the federal regulations prohibits state law exceptions to the time limits in those regulations, we conclude we are prohibited from applying the doctrine of equitable estoppel to, in effect, create an exception to the statutory and regulatory time limits. The Commission did not err in denying Claimant TRA Benefits from the date he exhausted his unemployment benefits until May 5, 2007 when he became eligible and began receiving benefits. Point denied.

Although we are troubled by the misinformation given to Claimant, which the Commission acknowledged, we are constrained to affirm because of the application of 20 C.F.R. Section 617.50(d) to the facts of this case.

The judgment of the Commission is affirmed.

KATHIANNE KNAUP CRANE, P.J. and KENNETH M. ROMINES, J., concur.