Staci ADAMS, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 95820.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 22, 2011.

John J. Ammann 321, St. Louis, MO, for appellant.

Shelly A. Kintzel, Jefferson City, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Staci Adams (Claimant) appeals from the decision of the Labor and Industrial Relations Commission denying payment of a trade readjustment allowance (TRA) under the Trade Act of 1974 ("Trade Act") on the grounds that she failed to file a timely request for a training waiver. Claimant contends that the Commission erred in refusing to apply the doctrine of equitable tolling to extend the relevant statutory deadlines. We reverse and remand for further proceedings consistent with this opinion.

### Background

Claimant worked as a material engineer at two Chrysler plants in Fenton, Missouri. On November 29, 2008, Claimant's employer, TAC Automotive Transportation (TAC), headquartered in Auburn Hills, Michigan, laid off Claimant. Claimant searched unsuccessfully for employment for almost a year.

In October 2009, Claimant met with counselor Tricia Barb at the Missouri Division of Workforce Development (DWD). Claimant was interested in continuing her education as a way to reinvent herself for future employers. Barb advised Claimant that she might be eligible for benefits under the Trade Act, a federal law designed to help workers who have lost jobs due to competition from international trade.[1]

On November 16, 2009, Claimant filed a claim and request for benefits under the Trade Act.[2] On December 1, 2009, Claimant received an Entitlement Determination letter advising her that she was entitled to trade adjustment assistance (TAA) under

---

[1]. Eligibility for Trade Act benefits requires a group of workers, their union, or their employer to file a petition with the United States Department of Labor stating that the loss of their employment is due to either competition from imports or a shift in production to another country. *See* 19 U.S.C. § 2271–2272 (2006). If the United States Department of Labor determines that "the petitioning group meets the requirements" of the Trade Act, it issues a "certification of eligibility" entitling the eligible workers to apply for benefits. 19 U.S.C. § 2273.

[2]. The Trade Act provides two different types of benefits: trade adjustment assistance (TAA), which includes "counseling, testing, training, placement, and other supportive services," 20 C.F.R. §§ 617.1(a), 617.2; and trade readjustment allowances (TRA), which are cash payments to supplement state unemployment insurance, 19 U.S.C. §§ 2291–2293; 20 C.F.R. §§ 617.1(b), 617.3(nn), 617.11.

Trade Act Petition 64643. The Entitlement Determination did not specify whether Claimant was also entitled to TRA. On December 3, 2009, Claimant spoke with Dorothy Jones, a supervisor at the DWD. Jones assumed Claimant was eligible for Trade Act benefits under a September 29, 2009 amendment to Petition 64643.[3] On December 18, 2009, Claimant filed her Request by Worker for Training Approval and Allowances While in Training. Moddie Fox, a trade specialist at the DWD, approved Claimant's request.

Claimant was scheduled to start classes to continue her education on January 19, 2009. On January 15, 2009, Claimant visited the DWD to confirm that she had fulfilled the requirements for receiving TAA and TRA under the Trade Act. That day, Moddie Fox informed Claimant that the DWD was denying Claimant TRA because Claimant failed to timely request a training waiver as required under the Trade Act.

Claimant requested a training waiver immediately, but Fox denied the request as untimely. Fox explained that, because Claimant did not file for a training waiver within either sixteen weeks of her separation from employment or eight weeks from her certification of eligibility as required by the Trade Act,[4] Claimant was not eligible for TRA under Trade Act Petition 63052. When Claimant informed Fox that the applicable Petition number was 64643, not 63052, Fox discussed the matter with Dorothy Jones. Jones told Claimant that the DWD had mistakenly entered Claimant in the system under Petition 63052, and the only way for Claimant to correct the error was for her to appeal.

Claimant appealed the denial of her training waiver request to the Division of Employment Security Appeals Tribunal on the grounds that the DWD improperly denied her TRA because the DWD mistakenly submitted her training waiver request under Petition 63052 rather than Petition 64643. Claimant maintained that if the DWD had properly processed her request under Petition 64643, last amended September 29, 2009, then the DWD would have deemed her training waiver request timely. An Administrative Law Judge heard her appeal on April 19, 2010 and May 28, 2010.

The ALJ determined that the United States Department of Labor certified Claimant to receive Trade Act benefits under the April 24, 2009 amendment to Petition 64643—not the September 29, 2009 amendment. The ALJ then used April 24, 2009 as the date from which to calculate Claimant's deadline for filing the training waiver request. Because Claimant's first contact with the DWD did not occur until October 2009, "well after the 16

---

3. As noted below, the ALJ found that Claimant was actually eligible under the April 24, 2009 amendment to Petition 64643. An individual worker's deadline for applying for a training waiver is measured from the date that the worker is either separated from employment or certified as eligible for benefits. *See* 19 U.S.C. § 2291(a)(5)(A)(ii) (2006).

4. The Trade Act provides that an eligible worker must be enrolled in training by:

(I) the last day of the 16th week after the worker's most recent total separation from adversely affected employment

(II) the last day of the 8th week after the week in which the Secretary [of Labor] issues a certification covering the worker, [or]

(III) 45 days after the later of the dates specified in subclause (I) or (II), if the Secretary determines there are extenuating circumstances that justify an extension in the enrollment period, or

(IV) the last day of a period determined by the Secretary to be approved for enrollment after the termination of a waiver issued pursuant to subsection (c) of this section.

19 U.S.C. § 2291(a)(5)(A)(ii) (2006).

week deadline of March 21, 2009 and the 8 week deadline of June 19, 2009," the ALJ concluded that the DWD correctly determined that Claimant's request for a waiver was untimely.

Claimant appealed to the Commission, which adopted and affirmed the decision of the Appeals Tribunal. Claimant appeals.

### Standard of Review

On an appeal from a decision of the Labor and Industrial Relations Commission, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds only: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Section 288.210 RSMo (2000).

■ We defer to the Commission's findings of fact, but we review questions of law de novo. Schultz v. Div. of Employment Sec., 293 S.W.3d 454, 459 (Mo.App. E.D.2008). We will affirm the Commission's decision unless we find, upon a review of the whole record, that it is not supported by competent and substantial evidence or is unauthorized by law. Barlynn Enters. v. Foell, 223 S.W.3d 168, 170 (Mo.App. S.D.2007). Where, as here, the Commission affirms and adopts the findings of the Appeals Tribunal, we use those findings as the bases for reviewing the decision. See, e.g., Murphy v. Aaron's Auto. Products, 232 S.W.3d 616, 619 (Mo. App. S.D.2007).

### Discussion

In her sole point on appeal, Claimant alleges that the Commission erred in finding that she was ineligible for a training waiver under the Trade Act. More specifically, Claimant contends that the Commission should have applied equitable tolling to the deadlines set forth in the Trade Act because "state officials failed to properly notify [her] about her eligibility for benefits and she acted with due diligence in applying for benefits." [5]

In response, the Division of Employment Security (Division) argues that Claimant failed to preserve her claim because she did not raise it before either the Appeals Tribunal or the Commission. Alternatively, the Division contends that it properly relied on United States Department of Labor guidelines implicitly precluding the application of equitable tolling to the deadline for filing a request for a training waiver under the Trade Act. Finally, the Division requests the court to remand the case to the Commission if the court concludes that equitable tolling applies to the deadline at issue.

#### 1) Preservation of Issue

■ As an initial matter, we address the Division's argument that Claimant failed to preserve the issue of the applicability of equitable tolling. The Division contends that Claimant argued at the Appeals Tribunal and Commission that the DWD processed her request for a training waiver under an incorrect Trade Act petition number, rather than arguing that the Commission failed to apply equitable tolling to extend the statutory deadline. Claimant counters that she raises the same issue here as before the ALJ and the

5. In her point relied on, Claimant does not challenge the Commission's determination with respect to her certification under the April 24 amendment to Petition 64643 rather than the September 29 amendment.

Commission, namely: "the timeliness of [her] request for a training waiver."

■ A claimant cannot litigate on appeal an issue that was appropriate for, but not addressed by, the Commission. *St. John's Mercy Health Sys. v. Div. of Employment Sec.*, 273 S.W.3d 510, 516 (Mo. banc 2009). "This [c]ourt may only address issues that were determined by the Commission and may not consider issues not before the Commission." *Perry v. Tiersma*, 148 S.W.3d 833, 835 (Mo.App. S.D.2004).

The ALJ framed the issue before the Appeals Tribunal as follows: "The issue [in this case] is whether the claimant's request for Training Waiver was made within the time requirements." In her appeal to the Appeals Tribunal, Claimant asserted that she had timely filed her training waiver request but that the DWD had denied the request under the wrong Trade Act petition number. Here, Claimant argues that the Commission erred in failing to apply equitable tolling to the "deadlines set forth in the Act." Although we agree that Claimant is not challenging the propriety of the DWD's denial of her request under the April 24 certification, Claimant has consistently argued that her request for a training waiver should be considered timely. "The deputy, appeals tribunal, and commission had an obligation to apply all laws that pertain to the issue. . . ." *Div. of Employment Sec. v. Simmons*, 103 S.W.3d 910, 913 (Mo.App. W.D.2003). Therefore, we conclude that Claimant's appeal does not raise a new issue that was not before the Commission.

## 2) Equitable Tolling

■ Claimant argues that the Commission should have applied equitable tolling to the deadline for obtaining a training waiver because the DWD failed to properly advise Claimant of her eligibility for TRA and Claimant exercised due diligence in seeking those benefits.[6] The doctrine of equitable tolling permits a plaintiff to toll a statute of limitations where "the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." *Ross v. Union Pac. R.R. Co.*, 906 S.W.2d 711, 713 (Mo. banc 1995) (*quoting Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir.1978) (internal quotation marks omitted)). Though it is traditionally a method for extending statutes of limitations, courts have also used equitable tolling to extend other statutory and administrative deadlines. *See, e.g., Young v. United States*, 535 U.S. 43, 47–50, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) (applying equitable tolling to provision of the Bankruptcy Code). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

The Division contends that the Commission did not err when it failed to apply equitable tolling to the deadlines of the Trade Act because the United States Department of Labor, which interprets and administers the Trade Act, issued an interpretation of the Trade Act that precludes

---

**6.** Claimant asserts in the body of her argument that the Division erred in not applying equitable estoppel in addition to equitable tolling. However, Claimant failed to include this contention in her point on appeal. "Issues that are raised only in the argument portion of a brief are not presented for review." *Henderson v. Fields*, 68 S.W.3d 455, 483 (Mo.App. W.D.2001). Accordingly, we do not address this issue.

equitable tolling. In support of its contention, the Division identifies two Training and Employment Guidance Letters (TEGLs) issued by the United States Department of Labor, TEGL 11–02 Change 1 (Oct. 13, 2004) and TEGL 11–02 Change 3 (May 25, 2006).[7] The Division contends that these particular TEGLs establish that the United States Department of Labor interprets the deadline for obtaining a training waiver as a "hard" deadline not subject to equitable tolling. Because the Division's contract with the United States Department of Labor requires it to "[c]omply with all Training and Employment Guidance Letters (TEGLs)," the Division argues that if it applied equitable tolling to Claimant's case, it would "jeopardize the money that Missouri employers receive in federal tax credits."

Following briefing and argument in this case, the Division notified this court, by a letter dated October 20, 2011, that the United States Department of Labor issued, on October 19, 2011, TEGL 8–11, specifically addressing equitable tolling in the context of the identical issue before the court. The Division provided a copy of TEGL 8–11 as well as a copy of Attachment 1, titled: "Availability of Equitable Tolling of Deadlines for Workers Certified under Trade Adjustment Assistance (TAA) Certifications."[8]

In TEGL 8–11, the United States Department of Labor interprets the Trade Act to permit agencies to apply equitable tolling to various deadlines contained in the Act, including the deadline for obtaining a training waiver as a condition for eligibility for TRA. TEGL 8–11 expressly directs all state agencies administering the Trade Act to "[t]ake appropriate action to apply equitable tolling in all determinations, redeterminations, and appeals on [Trade Act] deadlines issued on or after the date of this TEGL...." TEGL 8–11 provides that equitable tolling should apply "in situations where it would be manifestly unfair to deny a worker TRA eligibility based on the worker's failure to meet the statutory deadline ... [and where] the worker exercised due diligence in meeting [the Trade Act] benefit eligibility deadlines." As an example, the United States Department of Labor suggests that equitable tolling may apply where "a worker was not informed of the [statutory] deadline while receiving unemployment insurance and before the [statutory] deadline expired."

In addition to arguing that the Division is required to defer to the United States Department of Labor TEGLs, the Division also asks this court to follow cases concluding that equitable tolling may not be applied to extend deadlines under the Trade Act, such as *Schultz v. Div. of Employment Sec.*, 293 S.W.3d 454 (Mo.App. E.D.2008), and reject those

7. Pursuant to a written agreement, titled: "Agreement Between the State of Missouri and the Secretary of Labor, United States Department of Labor, to Carry out the Provisions of Subchapters B, C, and D of Chapter 2 of Title II of the Trade Act of 1974, as amended by the Trade Adjustment Assistance Reform Act of 2002," the Division must comply with "Department [of Labor] program letters and implementing regulations," including those specified in the agreement and "any future Department program letters and implementing regulations," in determining eligibility under the Trade Act.

8. The Division devotes considerable argument to supporting the proposition that the United States Department of Labor's interpretation of the Trade Act found in the relevant TEGLs is entitled to this court's deference. The Division relies on *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and its progeny. Claimant does not dispute the Division's contention that the United States Department of Labor's interpretation is entitled to the court's deference in this case.

cases that permit application of equitable tolling, in particular, *Williams v. Board of Review,* 241 Ill.2d 352, 350 Ill.Dec. 281, 948 N.E.2d 561 (2011).[9] However, the United States Department of Labor specifically cites *Williams* and notes in Attachment 1: "In view of this decision and Federal court decisions applying this well-established doctrine in cases involving different Trade Act provisions, the Department now recognizes that equitable tolling may be available in situations where it would be manifestly unfair to deny a worker TAA benefits based on a missed deadline."

In light of the United States Department of Labor's apparent reversal, or, at the very least, clarification, of its position on equitable tolling in the context of the Trade Act deadlines at issue here, we remand this case to the Commission for further findings of fact and conclusions of law on the issue of the propriety of the application of equitable tolling to Claimant's failure to request a training waiver by the statutory deadline.

### Conclusion

The decision of the Commission is reversed and this matter is remanded for proceedings consistent with this opinion.

ROBERT M. CLAYTON III, J., and GEORGE W. DRAPER III, Sp.J., concur.

9. In *Schultz*, we considered the related, although not identical, question of whether the doctrine of equitable estoppel was available to extend a deadline under 20 C.F.R. § 617.11(b). In *Schultz*, unlike here, the claimant contended that the Division's misinformation caused him to delay in filing a petition for certification under the Trade Act. 293 S.W.3d at 459. Although we affirmed the Commission's denial of benefits, we noted that "we [were] troubled by the misinformation given to Claimant" but felt "constrained to affirm because of the application of 20 C.F.R. Section 617.50(d)." *Id.* at 461. Clearly, at the time we decided *Schultz*, neither we nor the Division had the benefit of the United States Department of Labor's interpretation of the Trade Act with respect to the question of equitable tolling.