

# In the Missouri Court of Appeals
# Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| LINDA G. RUNNELS, | ) | No. ED111645 |
| | ) | |
| Appellant, | ) | Labor and Industrial Relations |
| | ) | Commission |
| vs. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: April 23, 2024 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

### Introduction

This unemployment compensation case arose in early 2020 and its resolution centers on whether the Labor and Industrial Relations Commission erred in affirming the Appeals Tribunal's decision dismissing as untimely the appeal of appellant Linda Runnels, a seventy-five-year-old woman who worked as a substitute teacher and paraprofessional in certain public school districts in rural Missouri. Runnels had been laid off due to COVID-19 and the Division of Employment Security determined that because she filed her appeal of the overpayment determination at issue here beyond the thirty-day deadline established by 8 C.S.R. 10-5.010(5)(A), Runnels owes the Division $1,523 in benefits overpaid to her between May 24 and August 8, 2020 pursuant to section 288.380.13.[1]

---

[1] All statutory references are to the Revised Statutes of Missouri (2016) unless otherwise stated.

Runnels asserts two points on appeal: (1) that the Commission erred in finding Runnels ineligible for benefits during the May 24 - August 8, 2020 time period, and (2) that equitable tolling should apply to extend Runnels' appeal deadline in light of the Division's confusing and unreasonable handling of its communications with Runnels, which included inconsistently using regular mail and electronic mail. We affirm because Runnels' failure to timely file her appeal of the overpayment determination is dispositive and fatal to her appeal, and the Division's use of email to notify Runnels of her appeal rights and deadline, albeit part of the Division's habitually confusing conduct, was legally sufficient and Runnels in fact approved email as an acceptable means of communication. Moreover, we cannot employ equitable tolling principles to extend this deadline.

**Background**

Linda Runnels worked for fifteen years as a substitute teacher and paraprofessional in the Washington County, Missouri public school district. The district laid Runnels off on March 17, 2020 due to COVID-19 and she remained unemployed until August 2021 when she began work in a new school district. On March 18, 2020, Runnels applied for unemployment benefits through the Division's Missouri UInteract[2] online system and was approved for $140 per week during the benefit year starting on March 15, 2020, and later $108 per week for the year starting on March 21, 2021.

On September 23, 2020, the Division determined that Runnels was ineligible for the benefits she had received between May 24 and August 8, 2020 because pursuant to section 288.040.3(1)(a) she was "between two successive academic years or terms" and had "a reasonable assurance" of returning to work for the upcoming term. Runnels appealed but the

---

[2] UInteract acted as a communications portal between Runnels and the Division, permitting Runnels to upload documents to the Division and access information the Division posted including her appeal status. Notification of such posts were also sent to Runnels' email.

2

Division dismissed her appeal as untimely. In April 2021, the Appeals Tribunal, after determining that good cause existed to extend the appeal deadline, conducted a hearing on the merits and affirmed the Division's original ineligibility determination. The Commission affirmed the Appeals Tribunal in July 2022. On August 1, 2022, Runnels then filed her notice of appeal to this Court. We dismissed that appeal on November 2, 2022 due to Runnels' failure to timely file her brief pursuant to Supreme Court Rule 84.05(a).[3]

Then, on January 9, 2023, the Division determined that Runnels owed $1,523 for the May 24 - August 8 period as a result of its ineligibility determination.[4] The Division notified her of this overpayment determination by email through the UInteract portal. Notably, in March 2020, when Runnels first applied for benefits, she verified with the Division that email was an acceptable means to notify her of matters related to her claim.

Runnels' thirty-day deadline to appeal the Division's January 9, 2023 decision expired on February 8, 2023, but she filed her appeal on March 6, 2023. The Appeals Tribunal dismissed her appeal as untimely and the Commission affirmed.

**Standard of Review**

Our review of the Commission's decision is governed by the Missouri Constitution and section 288.210. We review whether the Commission's decision is "authorized by law" and "supported by competent and substantial evidence upon the whole record." MO. CONST. art. V, § 18. Further, section 288.210(1) provides that this Court may modify, reverse, remand for rehearing, or set aside the Commission's decision if the Commission acted without or in excess of its powers.

---

[3] All Rule references are to the Missouri Supreme Court Rules (2022) unless otherwise stated.
[4] With respect to another benefits claim Runnels filed, the Appeals Tribunal determined in March 2022 that she was entitled to $1,924 in benefits. The Division may offset the $1,523 owed here with that amount.

On appeal, no additional evidence may be heard. Section 288.210. Further, the Commission's findings of fact, "if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." *Id.*

**Discussion**

I.

In her first point on appeal, Runnels argues that the Commission erred in finding her ineligible for benefits between May 24 - August 8, 2020. We, however, are unable to get to the merits of Runnels' eligibility claim because that claim is not before us, having been dismissed by this Court over a year ago. Runnels' claim that is the subject of *this* appeal is the Division's overpayment determination. But the merits of that claim are likewise not before us because the Commission did not reach the merits and instead affirmed the Appeals Tribunal which dismissed Runnels' appeal as untimely filed. *Marx v. Div. of Empl. Sec.*, 666 S.W.3d 252, 256 (Mo. App. E.D. 2023).

II.

Thus, the only issue for our consideration pertains to Runnels' second point in which she claims the Commission acted in excess of its powers when it affirmed the Appeals Tribunal's dismissal of her appeal as untimely because the Division's use of email instead of regular mail to notify her of the decision, as she claims is required by 8 C.S.R. 10-5.010(5)(C), did not trigger her thirty-day appeal window. Alternatively, she argues that equitable tolling principles should operate to render her appeal timely. We disagree on both counts.

First, Runnels' reliance on 8 C.S.R. 10-5.010(5)(C) is unhelpful to her position. Under 8 C.S.R. 10-5.010(5)(C), appeals of non-fraudulent benefit overpayment determinations must be filed within thirty calendar days of the date that the determination was *delivered in person or by*

4

*mail* to Appellant's last known address. But Runnels' argument that email was inadequate, which relies on the foregoing italicized language, is undermined by section 288.247.1 in which the legislature sanctioned that the Division may use email to transmit any notice or determination otherwise required to be mailed to a claimant unless the claimant requests an alternative method of transmittal. Thus, the legislature has determined that when regular mail is required, email will suffice. Here, while 8 C.S.R. 10-5.010(5)(C) contemplates regular mail, section 288.247.1 authorized the Division to use email as an acceptable substitute.

Moreover, to accede to Runnels' argument would allow a state regulation to trump an on-point statute. *Gasconade County Counseling Servs. v. Mo. Dep't of Mental Health*, 314 S.W.3d 368, 378 (Mo. App. E.D. 2010) ("[W]hen there is a direct conflict or inconsistency between a statute and a regulation, the statute which represents the true legislative intent must necessarily prevail.").

Runnels makes much of the "except as otherwise required by law" phrase in section 288.247.1 to argue that 8 C.S.R. 10-5.010(5)(C) is such an exception to the allowance of email when regular mail is required. The circular nature of this argument undermines its persuasiveness. The regulation's language regarding hand-delivery or regular mailing is *the* target of section 288.247.1's mandate that email is an appropriate substitute. To interpret these provisions as Runnels suggests would allow the regulation to effectively abrogate the statute, something we cannot and will not do.

Moreover, when Runnels first applied for benefits in March 2020, she consented to email as an acceptable mode of communication for the Division to notify her of its decisions. Thus, Runnels' receipt by email of the Division's overpayment determination on January 9, 2023 triggered the thirty-day deadline to appeal. Therefore, Runnels' appeal filed on March 6, 2023 was late.

We are left then with Runnels' request that we apply equitable tolling principles to resurrect her untimely-filed appeal. Despite Runnels' understandable frustration with the Division's communication practices, the law is not on her side and we are unable to employ the doctrine of equitable tolling here. *Jacobson v. Syberg's Eating & Drinking Co.*, 652 S.W.3d 376, 379 (Mo. App. E.D. 2022) ("In an unemployment case, the statutory time limits for seeking review of the Appeals Tribunal's decision are mandatory and require strict compliance.").

Runnels relies on *Adams v. Div. of Empl. Sec.*, 353 S.W.3d 668 (Mo. App. 2011) to support her argument for equitable tolling. However, the outcome in *Adams* is unique, and therefore inapplicable to this circumstance, in that the United States Department of Labor provided a standard to allow the equitable tolling of deadlines solely within the context of the Trade Act. *Id.* at 674. Here, neither section 288.380 nor 8 C.S.R. 10-5.010 provide any such exception for the filing of overpayment determinations out of time and we therefore cannot apply equitable tolling to extend Runnels' appeal deadline.

### Conclusion

For the reasons set forth above, we affirm the Commission's decision.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

6