**Nurto HASSAN, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**Nos. WD 75005, WD 75006, WD 75007.**

Missouri Court of Appeals, Western District.

Jan. 15, 2013.

Catherine J. Barrie, Jefferson City, MO, for appellant.

Larry R. Ruhmann, Jefferson City, MO, for respondent.

Before Division One: THOMAS H. NEWTON, Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Nurto Hassan appeals three final orders of the Labor and Industrial Relations Commission, each of which affirmed the Division of Employment Security Deputy's determination that Hassan had been overpaid benefits. Because Hassan's two Points Relied On address only the actions taken by the Division and do not dispute the final orders of the Commission, we lack jurisdiction[1] and accordingly dismiss the appeal.

## Factual Background[2]

Nurto Hassan ("Hassan") began employment as a machine operator at Weaver Manufacturing, Inc. ("Employer") in approximately July, 2008. On March 12, 2010, Hassan became ill with an infection, called in sick and sought medical treat-ment. The Employer's attendance policy required that an employee call in each day he or she was scheduled to work in advance of the shift to say that he or she would be absent. Hassan did this for the first two days of her absence. On March 16, a physician faxed Employer a note stating that Hassan was ill and would not be released for work until March 18. However, Hassan did not go to work on March 18, nor did she contact Employer again until March 25. When Hassan called Employer on March 25, she was told that she had been terminated for missing work and failing to call in each day before her shift.[3]

Thereafter, Hassan filed for unemployment benefits. Hassan was approved for benefits and on March 27, 2010, began receiving $198.00 weekly from the state, and $25.00 weekly from a federal stimulus program.[4] Because Hassan is not a native English speaker, she uses a Somali interpreter to read, write and speak English. A series of appeals and rehearings ensued over the course of the next year or so. Finally on July 25, 2011, the Commission reversed the Appeals Tribunal and found that Hassan was indeed ineligible to receive unemployment benefits because she was terminated for misconduct. No appeal was taken from this decision and it became final.

Subsequently, the Division began collection efforts to recover $11,805.10 in

---

1. Rule 84.04(d)(2) prohibits arguments that are not included in a party's Point Relied On. Further, the Point must allege error by the court or agency who issued the order from which the appeal is taken. Here, Hassan's Points Relied On contain no allegation of error assignable to the Commission.

2. The facts are taken from the Findings of Fact as contained in the Deputy's order dated July 25, 2011.

3. The Employer acknowledged that it did not count her absences on March 18 and 19 against her due to the doctor's note and a phone call made to Employer by Hassan's brother. Thus, the Deputy determined that the only days Hassan failed to follow the attendance policy were following the time period covered by her physician's note, March 22–24.

4. To be eligible to receive unemployment benefits, a person must be "unemployed through no fault of their own." § 288.020.

"Overpaid Unemployment Security Benefits" from Hassan. This total amount was based on three separate overpayment assessments issued by a deputy of the Division.[5] Appellant appealed these assessments, which were affirmed by the Appeals Tribunal and then by the Commission. Following the Commission's decision, the Division sent a "Billing Statement" to Hassan, indicating that they had intercepted her tax refund check in the sum of $33.00 and that she would be subject to additional collection efforts by the State.

This appeal follows.

## Standard of Review

 Section 287.495.1 provides that an appellate court reviews questions of law and that the Commission's decision should be modified, reversed, remanded, or set aside only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. *Gervich v. Condaire, Inc.*, 370 S.W.3d 617 (Mo. banc 2012). Questions of law are reviewed *de novo*. *Id.* (citation omitted). This Court is not bound by the Commission's interpretation or application of the law; therefore, no deference is afforded the Commission's interpretation of a statute. *White v. Univ. of Mo., Kansas City*, 375 S.W.3d 908, 910 (Mo.App. W.D.2012) (citations omitted).

## Analysis

 Hassan's two Points Relied On allege error in the "collection actions of the Division." However, the Commission's orders from which this appeal is taken do not address, describe or refer to the collection actions of the Division. Rather, they address the issue of whether Hassan received an overpayment of unemployment benefits.

Each of the Commission's three orders states that it adopts the decision of the Appeals Tribunal as its own, without change. The underlying orders of the Appeals Tribunal adopted by the Commission state:

> The claimant demonstrated good cause to extend the statutory deadline to file an appeal.
>
> The deputy's determination is affirmed. The claimant is overpaid $4,046.06 in benefits for the period February 14, 2010 through July 24, 2010, on a finding that the claimant was paid benefits for a period of disqualification.[6]

The orders do not address the collection activities taken or that may be taken in the future by the Division.

Hassan's first Point Relied On states:

> The Division erred in pursuing a collection action against Appellant for overpayment of $11,839.10 for unemployment benefits because such benefits were 'due and payable' pursuant to section 288.070.8 RSMo and section 288.380.13 only allows for an offset against future benefits, in that Appellant properly collected benefits pursuant to a

5. The three orders have been consolidated for purposes of this appeal. The cases are numbered 11–27766, 11–27767 and 11–29607. Though each appeal pertains to a different time period, the time periods wherein Hassan received benefits are consecutive, dating from March 2010 through November 2011. The three orders were entered on February 27, 2012. Each order is worded the same but contains a different appeal number.

6. The dates and amounts vary between the three orders, but the relevant language is identical.

finding of eligibility by the Division, and there was no finding of fraud or misrepresentation in the subsequent decision finding her ineligible.

Hassan's second Point Relied On states:

The Division erred in pursuing a collection action against Appellant because there was no finding of fraud or misrepresentation in the subsequent decision finding her ineligible for benefits and collection as opposed to offset imposes a severe hardship on Appellant inconsistent with the intent and purpose of the employment security law in that Appellant utilized all of the unemployment benefits she received to subsist while she was unemployed and she is currently employed only part time at minimum wage.

It is clear that Hassan is not appealing the final order of the Commission which determined that Hassan was ineligible for benefits, most likely because the Commission's order that determined that Hassan was ineligible for benefits was not appealed from and became final. Hassan is disputing the actions of the Division to attempt to collect the overdue payments. The Division was actively attempting to collect the overpayments from Hassan pursuant to section 288.380.14.[7]

Hassan is not disputing that she was ineligible for payments, that she received the payments, nor that she owes the Division $11,839.10 in overpayments. She is not alleging that the Commission's order was in any way in error; rather, she is asking that collection efforts taken by the Division as a result of the Commission's order, be deemed illegal. This we cannot do. Because Hassan's appeal is not an appeal of the Commission's order, we are without jurisdiction to hear this appeal. If we lack jurisdiction, we will dismiss the

appeal. *Guy v. Thomas,* 157 S.W.3d 328, 329 (Mo.App. E.D.2005).

■ We note *ex gratia,* that during the pendency of this appeal, our Supreme Court ruled in an action that addresses issues pertinent to Hassan's allegations of improper collection efforts by the Division. Hassan's dispute is with the Division's aggressive collection of the debt through use of billing and collection agencies. Hassan argues that since she did not receive the overpayments due to fraud or misrepresentation, the more aggressive collection methods proscribed in section 288.380.12, which are reserved for such cases, should not be applied in her case. Instead, she asserts that the Division should be limited to the less aggressive methods of collection as outlined in section 288.380.13; specifically, that the debt be deducted from any future unemployment benefits, should she qualify for any.

The Supreme Court addressed this very issue in *Crawford v. Div. of Employment Security,* 376 S.W.3d 658 (Mo. banc 2012). In *Crawford,* a division deputy determined that the claimant received $3,080 while ineligible for benefits through no fault of the claimant. Both the Appeals Tribunal and the Commission affirmed the deputy's decision. "The commission recognized Crawford's willingness to work but found that he was not able to work within the meaning of the Missouri employment security law, and therefore, was ineligible for unemployment benefits." *Id.* at 661. At issue were the methods by which the division could recover the overpaid benefits. *Id.* at 663. "Repayment of unemployment benefits paid to ineligible claimants is addressed by sections 288.380.12, 288.380.13 and 288.380.14." *Id.* at 664.

In *Crawford,* the division asserted that subsection 14's more aggressive collection

7. All references are to RSMo 2000 as supplemented unless otherwise indicated.

methods applied to "anyone" owing a debt, regardless of how that debt was created. But this interpretation was rejected by the Supreme Court which explained the interplay of the three sections. "Subsections 12 and 13 provide for different collection methods...." *Id.* at 665. If the claimant misrepresented facts to the division, then section 12 authorizes the division to require that the claimant repay it. *Id.* In contrast, if the overpayments were the result of an error or omission, then section 13 authorizes less aggressive methods, namely the deduction from any future unemployment benefits received, should that occur. *Id.* Subsection 14 is a further elaboration of the measures the division may undertake to collect from those who are liable to repay under subsection 12, but does not extend to those falling under subsection 13. *Id.* This interpretation is further supported by the plain language of 288.381 which "unambiguously provides that when the division retroactively determines that a claimant has been overpaid, the overpayment shall be collected pursuant to the collection methods outlined in subsections 12 and 13." *Id.* Thus, "subsection 14 was not intended to repeal subsections 12 and 13." *Id.* at 666.

Here, Hassan was retroactively determined to have been ineligible to receive unemployment benefits. No fraud or misrepresentation by Hassan was alleged or found by the Commission. After the *Crawford* decision was published, the Division, in its brief, acknowledged the *Crawford* holding and agreed that it was bound by it, specifically stating that "[t]he Division acknowledges that the *Crawford* case sets the parameters regarding how the Division can proceed in cases of nonfraud

overpayments, such as this case...."[8] Further, "[a]s a result, the overpayments can only be recovered by a voluntary reimbursement, or by recoupment of the overpayment by deducting the amount of the overpayments from any future benefits."

### Conclusion

Because Hassan's appellate brief does not meet the requirements of 84.04(d)(2) in that her Points Relied On do not address the Commission's order and do not assert that the Commission erred in any way, we dismiss this appeal. We *ex gratia* note that the Division acknowledged on the record at oral argument that it is bound by *Crawford* and, pursuant to *Crawford,* it will follow section 288.380.13 regarding any further collection efforts of Hassan's overpayment debt of $11,839.10.

For all of the foregoing reasons, we dismiss.

All concur.

---

**8.** Significantly, the Commission's order only addressed whether Hassan's violation of an attendance policy constituted "misconduct" and did not determine whether Hassan committed fraud in her application for unemployment benefits. The Division's acknowledgement of Hassan's nonfraud status before this Court precludes contrary assertions in the future.