Michael TIMBERSON, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 71783.

Missouri Court of Appeals, Western District.

Nov. 16, 2010.

Mikah K. Thompson, for Appellant.

Ninion S. Riley, for Respondent.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

VICTOR C. HOWARD, Judge.

Michael Timberson ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("the Commission") affirming the Appeals Tribunal's finding that Claimant voluntarily left his job without good cause attributable to his job or his employer and was, therefore, disqualified for unemployment compensation benefits. On appeal, Claimant asserts that the Commission erred in denying his claim for unemployment benefits in that it failed to apply section 288.501, RSMo Cum.Supp. 2009, which became effective prior to Claimant's resignation. The decision of the Commission is affirmed.

## Factual and Procedural Background

Claimant was employed by Allied Aviation Fueling Company of St. Louis ("Employer") as an aircraft fueler and utility painter from July 2000 to August 2009. On August 1, 2009, Claimant, his wife, and their child moved to Springfield, Illinois, after Claimant's wife accepted a job with the University of Illinois at Springfield. Claimant's last day of work with Employer was August 4, 2009. Claimant submitted a letter of resignation to Employer in which he stated that he was resigning from his position due to his wife taking a job in Springfield and to further seek different opportunities in his career choices.

Claimant thereafter filed a claim for unemployment benefits, and Employer protested the claim. A deputy of the Division of Employment Security ("the Division") determined that Claimant was disqualified from receiving benefits because he voluntarily quit without good cause attributable to his work or Employer. Claimant filed an appeal, and a hearing was held before the Appeals Tribunal. Claimant testified that, prior to moving, he lived approximately twenty-five miles away from the location where he worked. After moving to Springfield, he lived 118 miles from his job. Although he commuted to St. Louis from Springfield for a few days after moving, he decided to resign from his job because the commute was impractical.

There was evidence at the hearing that Claimant earned $13.70 per hour working for Employer and that his wife would make $9.24 per hour at her job with the university in Springfield. Claimant testified that the only benefit his wife's job provided that his did not was that if he felt like taking classes at the university, he would get a fifty percent discount on tuition.

The Appeals Tribunal made a factual finding that Claimant voluntarily terminated his employment in order to relocate to Springfield with his wife because she had secured employment there. The Appeals Tribunal further found that, because Claimant did not leave his employment with good cause attributable to the work or Employer, he was disqualified from receiving benefits. Claimant filed an application for review with the Commission. The Commission affirmed and adopted the decision of the Appeals Tribunal, finding it to be supported by competent and substantial evidence on the whole record and in accordance with Missouri law. Claimant's appeal from the Commission's decision followed.

## Standard of Review

The appellate court's review of the Commission's decision in an unemployment

compensation case is governed by section 288.210, RSMo 2000. *Ayers v. Sylvia Thompson Residence Ctr.*, 211 S.W.3d 195, 197 (Mo.App. W.D.2007). Section 288.210 provides:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

■ An appellate court " 'must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, *i.e.*, whether the award is contrary to the overwhelming weight of the evidence.' " *Reno v. Tyson Poultry, Inc.*, 204 S.W.3d 347, 350 (Mo.App. W.D.2006) (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo. banc 2003)). In reviewing the Commission's decision, an appellate court must "view the evidence objectively, not in the light most favorable to the decision of the Commission." *Id.* While the appellate court gives deference to the Commission's findings of fact, the court is not bound by the Commission's conclusions of law or the Commission's application of law to the facts. *Lindsey v. Univ. of Mo.*, 254 S.W.3d 168, 170 (Mo.App. W.D.2008).

## Discussion

■ On appeal, Claimant contends that the Commission erred in denying his claim for unemployment benefits because it failed to apply section 288.501 to his claim.[1] Claimant twice refers to his termination of his employment as a "voluntary resignation" and does not raise an issue as to whether he voluntarily quit his job. Additionally, Claimant makes no argument that his reason for quitting constituted good cause attributable to his work or Employer. Therefore, we address Claimant's sole argument—that the Commission should have granted his claim for unemployment benefits pursuant to section 288.501.

In 2009, Congress enacted a federal stimulus bill, which was titled the American Recovery and Reinvestment Act of 2009. *See* Pub.L. No. 111–5, 123 Stat. 115. The act contained amendments to 42 U.S.C. § 1103 pursuant to which the Secretary of Labor would provide incentive payments to states that enacted certain unemployment compensation provisions. § 1103(f)(1)(A). In an effort to comply with the federal provisions, the Missouri legislature drafted section 288.501, which was approved on June 12, 2009. The relevant portions of section 288.501 provide:

> (2) The claimant shall not be disqualified from unemployment compensation for separating from employment if that separation is for any compelling family reason. For the purposes of this section, the term "compelling family reason" shall mean:
>
> . . . .

---

1. We note that the Commission instead applied section 288.050.1(1), RSMo Cum.Supp. 2009, which provides that a claimant will be disqualified for waiting week credit or benefits if "the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer."

(b) The need for the claimant to accompany such claimant's spouse to a location from which it is impractical for the claimant to commute and due to a change in location of the spouse's employment[.]

. . . .

(7) The provisions of this section shall be subject to renewal in the second regular session of the ninety-fifth general assembly. If not renewed, the provisions of this section shall expire once the funds provided under the American Recovery and Reinvestment Act of 2009 are expended as provided in this section;

(8) The provisions of this section shall not take effect, and no benefits paid under this section, unless first certified by the United States Secretary of Labor under 42 U.S.C. 1103, as amended by the American Recovery and Reinvestment Act of 2009.

Claimant contends that the facts of his situation come within the meaning of the phrase "compelling family reason" as defined by section 288.501(2)(b) and that, therefore, the Commission should have applied it to grant Claimant unemployment compensation. However, § 1103 contains further requirements which must be met in order for Missouri's law to become effective. First, any state seeking an incentive payment under the act must submit an application to the Secretary of Labor. § 1103(f)(4)(A). Additionally, § 1103(f)(4)(B)(i) provides that if the Secretary of Labor finds that the state law provisions meet the federal requirements, the Secretary will certify the law. However, the Secretary must disregard "any State law provisions which are not then currently in effect as permanent law or which are subject to discontinuation." *Id.*

The Division has provided a letter, dated August 10, 2009, to the Director of the Missouri Department of Labor and Industrial Relations from the U.S. Department of Labor ("the Department"), which clarifies the status of section 288.501. The letter provides that, to receive incentive payments, a state must submit an application, and the Department has not yet received an application from Missouri. However, Missouri provided the text of the legislation to the Department. After reviewing the language, the Department found that it "could not certify the legislation as meeting the requirements for an incentive payment primarily because the legislation will expire absent action by the Missouri Legislature to renew it."[2] The Department based its decision on § 1103(f)(4)(B)(i), which requires the Department to disregard any state law provisions which are subject to discontinuation. The Department closed its letter by encouraging Missouri to reconsider the automatic expiration provision of section 288.501.

Section 288.501(8) contains express language that the provisions of section 288.501 shall not take effect unless first certified by the Secretary of Labor under § 1103. As indicated by the letter from the Department, and the fact that section 288.501 still contains its automatic expiration provision, the Department has not yet certified section 288.501. Claimant makes no argument to the contrary, nor does he provide any evidence that the Department has certified section 288.501. Therefore, we find that the provisions of section 288.501 were not in effect at the time that Claimant voluntarily resigned from his employment and that, therefore, section

2. The expiration language to which the Department refers can be found in section 288.501(7).

288.501(2)(b) does not apply to his claim for unemployment compensation.

Where section 288.501 was not in effect and cannot be applied to Claimant's circumstances, and Claimant makes no additional argument as to why he is eligible for unemployment compensation, the Commission did not err in declining to apply section 288.501 and in affirming the findings and conclusions of the Appeals Tribunal.

The decision of the Commission is affirmed.

All concur.